**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| R.G.,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br>Defendant. | **Civil Action No. 25-17605 (SRC)**<br><br>**OPINION** |

**CHESLER, District Judge**

This matter comes before the Court on appeal by Plaintiff R.G. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act ("Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 78.1(b), finds that the Commissioner's decision will be vacated and remanded.

In brief, this appeal arises from Plaintiff's application for benefits, alleging disability beginning August 25, 2021. A hearing was held before Administrative Law Judge Trina Moore (the "ALJ") on October 7, 2024, and the ALJ issued an unfavorable decision on November 4, 2024. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of November 4, 2024, the ALJ found that, at step two, Plaintiff had the following severe impairments: obesity, degenerative disc disease in the lumbar spine, osteoarthritis, psoriasis, and psoriatic arthritis. At step three, the ALJ found that Plaintiff's condition did not meet the requirements of any of the Listings of Impairments. At step four, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform medium work as defined in 20 CFR 404.1567(c) but with several additional nonexertional limitations. At step five, the ALJ determined that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. Accordingly, the ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded because the ALJ failed to develop the medical record and formed the RFC based only on lay speculation. (Pl.'s Br. at 4).

In reviewing the ALJ's determination, this Court must affirm the Commissioner's final decision if it is "supported by substantial evidence." 42 U.S.C. § 405(g). "Courts are not permitted to re-weigh the evidence or impose their own factual determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 359 (3d Cir. 2011). Further, on appeal, Plaintiff carries twin burdens of proof. First, Plaintiff bears the burden at the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). Second, Plaintiff bears the burden of showing not merely that the Commissioner erred, but also that the error was harmful. Shinseki v. Sanders, 556 U.S. 396, 409 (2009). At the first four steps, this requires that Plaintiff show that, but for the error, he might have proven his disability. In other words, when appealing

a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in his favor, based on the existing record, he is quite unlikely to show that an error was harmful.

For a district court to be able to find that an ALJ's opinion is supported by substantial evidence, that ALJ must explain her reasoning such that her determination is amenable to meaningful review. See Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 119 (3d Cir. 2000). While the ALJ is not required to "use particular language or adhere to a particular format in conducting his analysis," she must provide "sufficient . . . explanation of findings to permit meaningful review." Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004).

In deciding Plaintiff's physical RFC, the ALJ here found that Plaintiff could perform medium work as defined in 20 CFR § 404.1567(c) with the following limitations:

> the claimant can occasionally climb ramps, stairs, balance, stoop, kneel and crouch. The claimant can never climb ladders, ropes, scaffolds or crawl. The claimant can frequently handle and finger bilaterally. The claimant can never perform overhead reaching bilaterally. The claimant must avoid all exposure to hazards such as unprotected heights and moving mechanical parts.

(Tr. at 29). Medium work means work which "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 CFR § 404.1567(c).

In articulating the RFC, the ALJ first described medical records, such as various treatment records from doctors' visits Plaintiff had in 2021 and 2022. Then, the ALJ stated that the assessments of state agency medical consultants, Drs. Friedman and DeFusco, that there was insufficient evidence to evaluate Plaintiff's impairments were unpersuasive, because they were unsupported by the evidence of record. Finally, the ALJ provided the following single sentence explaining how those records led her to the above-quoted RFC:

> In sum, the above residual functional capacity assessment is

> supported by the objective medical evidence, treatment records, and hearing testimony.

(Tr. at 23). This short statement of the ALJ's conclusion does not provide sufficient explanation of the underlying analysis to "permit meaningful review" of the ALJ's RFC formulation. Jones, 364 F.3d at 505. Instead, it is merely a conclusory declaration which the ALJ uses to state her own opinion. It does nothing to explain how the ALJ concluded that Plaintiff had the ability to perform medium work with the stated limitations, and simply leaves the Court wondering how, precisely, "the above residual functional capacity is supported by the objective medical evidence." (Id.). As Plaintiff put it in his brief, "[t]he ALJ provide[d] no analysis whatsoever to support this mere conclusion." (Pl.'s Br. at 12). Absent an explanation of how the evidence supports the RFC assessment, the Court will not speculate as to the ALJ's reasoning. See Zigarelli v. Comm'r, Soc. Sec., 2019 WL 3459080, at *4 n.3 (D.N.J. July 30, 2019) ("[I]t is not for this Court to speculate as to the ALJ's thought processes, and so the Court will not.").

In sum, the ALJ did not sufficiently explain her findings "to permit meaningful review." Jones, 364 F.3d at 505. And where a court cannot meaningfully review an ALJ's decision, "remand is warranted." Hendry v. Comm'r of Soc. Sec., 2018 WL 4616111, at *15 (D.N.J. Sept. 26, 2018).

For the reasons set forth above, this Court finds that the Commissioner's decision is not amenable to meaningful review, pursuant to Burnett, and the decision of the Commissioner is vacated and remanded for further proceedings in accordance with this Opinion.

s/Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: August 12th, 2026